# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 16-00019-01-CR-W-GAF |
| v. | |
| NATHAN R. CAYLOR, | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Tammy Dickinson, United States Attorney, and David Luna, Assistant United States Attorney, and the defendant, Nathan R. Caylor ("the defendant"), represented by Federal Defender Todd Schultz.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the indictment charging him with a violation of 18 U.S.C. § 2422(b), that is Use of Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity, as well as Count Three of the indictment charging him with a violation of 18 U.S.C. § 2252(a)(2), that is, Receipt of Child

Pornography. By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of these offenses.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty include the following:

Caylor first made contact with the victim (hereinafter referred to as Jane Doe) on Facebook in May 2013 when Jane Doe was 14 years old. Caylor represented himself by his fictional name "Justin", and Doe knew Caylor as "Justin." Caylor and Doe began talking and texting regularly. Doe's age was on her Facebook profile page and Doe had also told Caylor how old she was when they first met online. Caylor and Doe exchanged photos of each other electronically and communicated via the video and text messaging application Skype. Caylor told Doe that he was 17 years old. Caylor was actually 38 years old. Caylor told Doe that he had been diagnosed with cancer when he was 14 years old and that the chemotherapy and radiation he had to undergo for cancer made Caylor look older. In reality Caylor had never been diagnosed with cancer. Caylor eventually turned the topic of their communications to conversations of a sexual nature.

The defendant wanted to meet Doe in person for the purpose of engaging in sexual contact with her. Caylor traveled from his home in Kansas City, Kansas to Doe's house in Blue Springs, Missouri for the first time in November 2013 when Doe's parents were not home. While at Doe's house Caylor had sexual intercourse with Doe and also penetrated Doe's vagina with his finger. Caylor visited Doe and had sexual intercourse with Doe at her home on at least seven separate occasions after that, with the last occasion being in June or July 2014. Each time Caylor visited Doe he traveled from Kansas City, Kansas to Doe's home in Blue Springs, Missouri. Between

2

May 2013 and July 2014 Caylor also electronically sent Doe photos of himself shirtless and photos of his penis.

In July 2014 the Blue Springs Police Department was notified about the defendant's contact with Doe. On August 18, 2014, with Jane Doe's consent, Blue Springs Detective Kelly Caster assumed Jane Doe's identity on Doe's Facebook account and began communicating with Caylor via instant messaging. Caylor messaged Doe (Detective Caster) and asked Doe if he could visit her again. Caster advised Caylor that her (Doe's) parents were not home. Caylor advised Caster (Doe) that he would see her that day. Caylor then traveled by bus from Kansas City, Kansas to Independence, Missouri. The defendant then walked several miles from Independence to Blue Springs, Missouri. Caylor's intention was to engage in sexual contact with Doe, who was still under the age of 18 years at this time. Detective Caster observed the defendant walking in the direction of Doe's home. The defendant was eventually arrested while walking towards Doe's home.

Caylor's cell phone was retrieved from him upon his arrest and was analyzed pursuant to a state issued search warrant. The defendant's laptop computer was obtained with his written consent from his home in Kansas. These items along with the victim's cell phone and computer were analyzed by a forensic examiner at the Heart of America Regional Computer Forensics Laboratory. Forensic analysis of the defendant's and Doe's devices discovered electronic text communications between Caylor and Doe. The text communications that were located began as early as July 2013. Several of these communications consisted of the defendant engaging Doe in graphic conversations of a sexual nature and encouraging Doe to engage in sexual behavior with Caylor.

3

Images of child pornography were also located on the defendant's computer. One of the photos located named *lil girl(5).jpg* depicts an unknown prepubescent female child approximately 10 to 12 years of age. The child is nude from the waist down and is lying in a bed on her back. The child's face is visible to the viewer and she is penetrating her vagina with an unknown object. The defendant received this image electronically on December 14, 2013. Also located on the defendant's computer was a pornographic image of a prepubescent female child approximately 3 to 4 years of age. The image depicts an adult male having sexual intercourse with the child. Each of the defendant's and the victim's devices were determined to have been manufactured outside the State of Missouri.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.**

The defendant understands that upon his plea of guilty to Count One of the indictment charging him with Use of Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity, **the minimum penalty the Court may impose is 10 years of imprisonment. The maximum penalty the Court may impose is Life imprisonment**, a $250,000 fine, from 5 years to life of

supervised release, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant understands that this offense is a Class A Felony. Upon the defendant's plea of guilty to Count Three of the indictment charging him with Receipt of Child Pornography, **the minimum penalty the Court may impose is 5 years of imprisonment**. **The maximum penalty the Court may impose is not more than 20 years of imprisonment**, a $250,000 fine, from 5 years to life of supervised release, an order of restitution, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony. The defendant understands that the court may, in its discretion, order that the sentences for Counts One and Three run consecutive to each other.

     **6.** **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

     a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range;

     b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

     c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed, and in defendant's case, the Court must impose a period of supervised release of at least 5 years;

     d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 2 years without credit for time previously spent on supervised release. However, if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A (sexual abuse

offenses occurring on special maritime or territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2241-2248), 110 (sexual exploitation and other abuse of children, including child pornography offenses, in violation of 18 U.S.C. §§ 2251-2260A), 117 (transportation for illegal sexual activity and related crimes, in violation of 18 U.S.C. §§ 2421-2428), or Section 1201 (kidnapping) or Section 1591 (sex trafficking of children or by force, fraud, or coercion) of Title 18 of the United States Code, the Court will impose an additional period of imprisonment of 5 years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court;

i. The defendant states that he is the sole and rightful owner of the property described below which was used in the commission of the offenses charged in this case:

- A Samsung cell phone, model SCH-R740C;

- An eMachines D520 laptop computer, serial number KAW00;

- A 320 Gigabyte Western Digital hard drive, serial number WX21ACOP8838.

j. The defendant states that to the best of his knowledge no one else has any ownership or other interest in the property. The defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the state or local agency that seized the property without further notice or obligation whatsoever owing to the defendant.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the receipt, possession, or distribution of child pornography, Transfer of Obscene Material to a Minor, or for Travel with Intent to Engage in Illicit Sexual Conduct for which it has venue and which arose out of the defendant's conduct in the course of the investigation of this case. The United States further agrees to dismiss Counts Two, Four, Five and Six of the indictment after defendant has been sentenced.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

As to Count 1 (Use of Interstate Facility to Entice a Minor)

    a. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G1.3, which provides for a base offense level of 28;

    b. Because the offense involved the knowing misrepresentation of the defendant's identity to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct, the offense level is enhanced 2 points pursuant to U.S.S.G. § 2G1.3(b)(2);

    c. Because the offense involved the use of a computer, the offense level is enhanced 2 points pursuant to U.S.S.G. § 2G1.3(b)(3);

    d. Because the offense involved the commission of a sex act or sexual contact, the offense level is enhanced 2 points pursuant to U.S.S.G. § 2G1.3(b)(4);

As to Count 3 (Receipt of Child Pornography)

    e. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G2.2, which provides for a base offense level of 22;

    f. Because the offense was limited to receipt of material and the defendant did not intend to traffic in, or distribute, such material, the offense level is decreased by 2 points, pursuant to U.S.S.G. § 2G2.2(b)(1);

    g. Because the offense involved a minor who had not yet attained the age of 12 years, the base offense level is enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(2);

    h. Because some of the material contained sadistic, masochistic, or other violent sexual abuse of children, the offense level is further enhanced 4 points, pursuant to U.S.S.G. § 2G2.2(b)(4);

    i. Because the offense involved the use of a computer, the offense level is further enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(6);

As to Counts 1 and 3

    j. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range. The defendant reserves the right to argue at sentencing that the Guidelines as applied to his case are unreasonable;

k.  The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.  Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines.  The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

l.  The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

m.  The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels.  Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

n.  The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment).  The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment.  The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

o.  The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement; and

p.  The parties agree that at sentencing the defendant may argue for a sentence below the applicable Guideline range.  The defendant acknowledges, however, that the Court must impose a sentence no less than

10 years' imprisonment on Count One and no less than 5 years' imprisonment on Count Three.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

   a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

   b. comment on the evidence supporting the charges in the indictment, including the charges dismissed as part of this plea agreement;

   c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

   d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14. <u>Waiver of Constitutional Rights</u>.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against him;

    e. the right to compel or subpoena witnesses to appear on his behalf; and

    f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15. <u>Waiver of Appellate and Post-Conviction Rights</u>.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally

attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

    b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

    a. The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

    b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

    c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The USAO will provide the defendant with a financial information form, a financial statement of individual debtor form, and a tax information authorization form 8821. Defendant will complete these forms and submit them to the USAO no later than 30 days prior to sentencing. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

    d. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

    e. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special

Assessment of $200 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of her fulfillment of this obligation at the time of sentencing.

      f.  The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

      g.  In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets.   In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17.  **<u>Sex Offender Registration</u>**.  Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.  The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to

comply with any such sex offender registration requirements in whatever state he resides following release from prison, and he will be subject to the registration requirements of that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in *the state in which he is released*, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

18. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

20. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the

defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**21. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

**22. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties,

and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**23.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                        Tammy Dickinson
                                        United States Attorney

Dated: December 12, 2016              */s/ David Luna*
                                        David Luna
                                        Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: December 12, 2016              */s/ Nathan R. Caylor*
                                        Nathan R. Caylor
                                        Defendant

I am defendant Nathan R. Caylor's attorney. I have fully explained to Mr. Caylor his rights with respect to the offenses charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Nathan R. Caylor's decision to enter into this plea agreement is an informed and voluntary one.

Dated: December 12, 2016              */s/ Todd Schultz*
                                        Todd Schultz
                                        Attorney for Defendant