# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

NATHAN R. CAYLOR,

        Defendant.

Case No.  16-00019-01-CR-W-GAF

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Thomas M. Larson, Acting United States Attorney and David Luna, Assistant United States Attorney, and respectfully offers this memorandum to the court in support of its recommendation that defendant Nathan R. Caylor be sentenced to an above Guidelines sentence of 360 months incarceration.

## BACKGROUND

On February 2, 2016, the defendant was charged by indictment with Use of Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity, Travel with Intent to Engage in Illicit Sexual Conduct, two counts of Receipt of Child Pornography over the Internet, Possession of Child Pornography, and Transfer of Obscene Material to a Minor.  On December 12, 2016, the defendant plead guilty to Use of Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity and Receipt of Child Pornography over the Internet pursuant to a written plea agreement (PA).[1]  In the subsequent court-ordered Presentence Investigation Report (PSR)[2], Caylor's final

---

[1] "PA" will refer to indicated paragraphs in the written plea agreement (Doc. 21) signed by the defendant on December 12, 2016.

[2] "PSR" will refer to paragraphs of the final Presentence Investigation Report (Doc. 25) which were not objected to by the defendant, unless otherwise noted.

Guideline calculation resulted in an offense level of 34, a criminal history category of V, and a suggested Guideline imprisonment range of 235 to 293 months. (PSR ¶ 67.) It is the Government's position, as explained further below, that a more accurate Guideline calculation would result in an offense level of 38 and a criminal history category of I. This alternative recommended calculation, however, also results in a Guideline imprisonment range of 235 to 293 months. Receipt of Child Pornography is punishable by not less than 5 years and not more than 20 years (240 months) imprisonment. However, Use of Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity is punishable by not less than 10 years imprisonment with no statutory maximum sentence. Therefore, the maximum Guidelines sentence of 293 months and the Governments recommended sentence of 360 months are both within the statutory authorized punishment range for that offense.

## DEFENDANT'S OBJECTIONS TO THE PSR

The defendant has asserted two objections to the PSR directed to the calculation of the sentencing Guidelines. Specifically, the defendant objects to the application of an enhancement to the total offense level of his combined offenses pursuant to U.S.S.G. § 4B1.5(a)(1)(B)(i) of the Guidelines. Caylor also objects to an enhancement of his Criminal History Category from a level of I to a level of V pursuant to § 4B1.5(a)(2)(B). Both of these enhancements are based on the defendant's instant offense of conviction being a "covered sex crime" while also having committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction. Caylor does have prior convictions from the state of Kansas (1993) for the offenses of Enticement of a Child and Lewd and Lascivious Behavior. The evidence that any of the counts of defendant's prior Kansas convictions meet the Sentencing Guidelines criteria to be considered a "sex offense conviction," however, is ambiguous at best. While some of the defendant's prior offenses of

conviction may be "sex offense convictions" as defined by the Guidelines, there is insufficient evidence before the court to reach that conclusion.

U.S.S.G. § 4B1.5(a) provides:

In any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction:

(1) The offense level shall be the greater of:

    (A) the offense level determined under Chapters Two and Three; or

    (B) the offense level from the table below decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1 (Acceptance of Responsibility):

| Offense Statutory Maximum | Offense Level |
|---|---|
| (i)    Life | 37 |
| (ii)   25 years or more | 34 |
| (iii)  20 years or more, but less than 25 years | 32 |
| (iv)  15 years or more, but less than 20 years | 29 |
| (v)   10 years or more, but less than 15 years | 24 |
| (vi)  5 years or more, but less than 10 years | 17 |
| (vii) More than 1 year, but less than 5 years | 12 |

(2) The criminal history category shall be the greater of: (A) the criminal history category determined under Chapter Four, Part A (Criminal History); or (B) criminal history Category V.

Because the statutory maximum sentence range for the offense of Use of Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity is Life, Caylor's offense level has been calculated pursuant to § 4B1.5(a)(1)(B)(i) to be 37. (PSR ¶ 40.) The downward adjustments for the defendant's acceptance of responsibility resulted in a final offense level of 34. (PSR ¶¶ 41-43.) The defendant's criminal history category was then calculated at V pursuant to § 4B1.5(a)(2)(B). (PSR ¶¶ 49, 50.) The defendant asserts that § 4B1.5(a) is not applicable, as he does not have a prior "sex offense conviction" as defined by the Guidelines.

3

The U.S.S.G. § 4B1.5, Commentary Application Note 3(A)(ii) states:

"*Sex offense conviction*" (I) means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor, and (II) does not include trafficking in, receipt of, or possession of, child pornography.

18 U.S.C. § 2426(b)(1) states the term "prior sex offense conviction" means a conviction for an offense –

> (A) Under this chapter *[that is chapter 118]*, chapter 109A, chapter 110, or section 1591; or
>
> (B) Under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States.

Caylor pled guilty on August 2, 1993 in Kansas Case No. 93CR0783 to four counts of Enticement of a Child (pursuant to Kansas Statutes Annotated (K.S.A.) 21-3509) and six counts of Lewd and Lascivious Behavior (pursuant to K.S.A. 21-3508). The records of the defendant's guilty plea in Case No. 93CR0783, obtained by the P.S.R. writer from Wyandotte County, Kansas, are limited to the charging document, a Petition to Enter Plea of Guilty, and a Journal Entry of Judgment. The charging document alleges that Caylor committed the five counts of Lewd and Lascivious Behavior each by *exposing his sex organ in the presence of a person, not his spouse, who did not consent thereto with the intent to arouse or gratify his or another's sexual desire.* The charging document also alleges that Caylor committed the four Enticement counts by *persuading a child under the age of sixteen years to enter a building with the intent to commit an unlawful sexual act upon or with said child, to wit: Indecent Liberties with a Child, in violation of 21-3503(b).* None of the information provided by Wyandotte County, Kansas in regards to the defendant's convictions in Case No. 93CR0783 specified further the manner or means in which defendant committed the offenses of Enticement of a Child.

4

The question before the court is whether Caylor's Kansas convictions for the offenses of Enticement of a Child and Lewd and Lascivious Behavior are "prior sex offense convictions" as they are defined in 18 U.S.C. § 2426(b)(1)(B). A review of 18 U.S.C. Chapters 118, 109A, 110 and Section 1591 reveals no offenses comparable to the Kansas state offense of Lewd and Lascivious Behavior by exposure of the offender's sexual organ that would be an offense under those chapters had the offenses occurred within the special maritime and territorial jurisdiction of the United States. The Kansas offense of Lewd and Lascivious Behavior, therefore, is not a "prior sex offense conviction" as defined by 18 U.S.C. § 2426(b)(1)(B).

Whether the defendant's conviction for Enticement of a Child pursuant to K.S.A. 21-3509 is a "prior sex offense conviction" under 18 U.S.C. § 2426(b)(1)(B) is less clear in this case. In response to the defendant's arguments against the application of enhancements pursuant to U.S.S.G. § 4B1.5(a)(1) and (2), the Government does not concede that a conviction for Enticement of a Child pursuant to K.S.A. 21-3509 does not qualify as a sex offense conviction as that term is defined by U.S.S.G. § 4B1.5, Commentary Application Note 3(A)(ii). The Government does submit, however, that at this time there is insufficient information in the record before the court regarding the manner and means in which the defendant committed the offenses of Enticement of a Child in Kansas Case No. 93CR0783 in order to make that determination. Therefore, the Government does not seek enhancements pursuant to U.S.S.G. § 4B1.5(a)(1) and (2).

5

## THE GOVERNMENT'S SUGGESTED SENTENCING GUIDELINES

Accordingly, the Government recommends the court apply the following suggested Guidelines:

**Count 1:  Use of interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity in violation of 18 U.S.C. § 2422(b)**

| §2G1.3a(3) | Base Offense Level | 28 |
|---|---|---|
| §2G1.3(b)(2) | Misrepresentation of identity | +2 |
| §2G1.3(b)(3) | Use of a computer | +2 |
| §2G1.3(b)(4) | Commission of a sexual act or contact | +2 |
| | Subtotal | 34 |

**Count 3:  Receipt of Child Pornography Over the Internet**

| §2G2.2(a)(2) | Base Offense Level | 22 |
|---|---|---|
| §2G2.2(b)(1) | Receipt only | -2 |
| §2G2.2(b)(2) | material involved minors <12 | +2 |
| §2G2.2(b)(4) | Sadistic/masochistic/sexual abuse or exploitation of infant or toddler | +4 |
| §2G2.2(b)(5) | Pattern of sexual misconduct involving the sexual abuse or exploitation of a minor | +5 |
| §2G2.2(b)(6) | Use of a computer | +2 |
| | Subtotal | 33 |

6

**Multiple Counts**

| | | |
|---|---|---|
| §3D1.4 | Combined Offense Level | 36 |

**Acceptance of Responsibility**

| | |
|---|---|
| §3E1.1(a) | -2 |
| §3E1.1(b) | <u>-1</u> |
| Adjusted Offense Level | 33 |

**Repeat and Dangerous Sex Offender Against Minors**

| | |
|---|---|
| §4B1.5(b)(1)[3] | <u>+5</u> |
| **TOTAL** | 38 |
| **§4B1.5(b)(2) Criminal History Category** | I |

Based upon a total offense level of 38 and a criminal history category of I, the Government's proposed Guideline imprisonment range is 235 to 293 months.

## SENTENCING ARGUMENT

***The nature and circumstances of the offenses and the need for a lengthy sentence to reflect their seriousness (§ 3553(a)(1) and (2)(A))***
***and***
***The history and characteristics of the defendant and the need to keep the community safe from him in the future (§ 3553(a)(1) and (2)(C)).***

The Plea Agreement and PSR recount in detail the defendant's conduct that resulted in his indictment and subsequent plea of guilty to Use of Interstate Facility to Entice a Minor to Engage in Illegal Sexual Activity and Receipt of Child Pornography. As reflected in both of those

---

[3] § 4B1.5(b) provides for a 5 level enhancement in any case in which the defendant's instant offense of conviction is a *covered sex crime* including offenses under 18 U.S.C. Chapter 117 (such as Enticement of a Child in violation of § 2422(b)) and neither § 4B1.1 nor subsection (a) of this Guideline applies, and the defendant engaged in *a pattern of activity involving prohibited sexual conduct*. A pattern of prohibited sexual conduct includes if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor. The defendant's long-term sexual relationship with the minor victim in this case qualifies him for this enhancement.

7

documents before the court, however, especially troublesome and warranting a lengthy sentence is the predatory nature of the over 40-year-old defendant's contact with the 14-year-old juvenile victim (referred to as "Jane Doe" in the plea agreement).

Notably, the defendant began communicating via Facebook with the juvenile victim in May 2013 and began a sexual relationship with her that lasted over a year, ending only when Caylor was arrested by the Blue Springs Police Department as he travelled to the juvenile victim's home. (PSR ¶¶ 6, 7.) Caylor lured the juvenile into a relationship with him by deception. The defendant initially lied to the juvenile victim about his age and told her that he was only 17 years old. Later Caylor told the juvenile victim that he had been diagnosed with cancer when he was 14 years old, and the resulting chemotherapy and radiation treatment affected his appearance. (PSR ¶ 5.) Further, for over a year, the juvenile victim knew Caylor only as "Justin Smith" until the defendant's arrest by BSPD officers in July 2014. (PSR ¶ 8.)

Caylor's misconduct was not a momentary lapse of judgment. Before his arrest, the defendant made the journey (by bus and by foot) from Kansas to the juvenile victim's home in Blue Springs, Missouri to have sexual intercourse with her on no less than seven separate occasions. (PSR ¶ 7.) The defendant's sole interest in the juvenile victim is demonstrated by the sexually charged text messages he sent her (PSR ¶ 11), images found in the defendant's possession depicting the juvenile victim engaged in sexually explicit conduct (PSR ¶ 7), and graphic images of Caylor exposing his erect penis found in the juvenile victim's computer (PSR ¶ 13).

Of particular concern is the evidence that the defendant's sexual desire for minors also extends to prepubescent children. The nature of images of child sexual abuse to which Caylor is drawn demonstrates the depth of the defendant's sexual attraction to children and his affinity for disturbing and particularly graphic images of young girls being raped and sexually exploited.

8

These images and the exploitive nature of the acts that take place in the events the images depict not only reveal the defendant's criminal sexual desire for young girls, but also reflect a marked depravity given the scenes of sexual abuse of prepubescent children. A forensic examination of the defendant's computer located images of prepubescent girls the defendant downloaded as recently as December 2013. One file named "lilgirl(5)" depicted an approximately 10 year old girl, nude from the waist down, lying on her back as she penetrates her vagina with an unknown object. A second file named "lilgirl(2)" depicted a 3 to 4 year old nude girl. The child is lying on her back with her legs spread as an erect adult male penis penetrates her vagina. (PSR ¶ 12.)

Further, the defendant has demonstrated that he is willing to satisfy his sexual appetite for prepubescent children by preying upon them. As mentioned above, Caylor pled guilty in 1993 in Kansas Case No. 93CR0783 to four counts of Enticement of a Child (pursuant to K.S.A. 21-3509) and six counts of Lewd and Lascivious Behavior (pursuant to K.S.A. 21-3508). (PSR ¶ 46.) The record before the court of that conviction is not complete. However, it is clear that in 1993, over the course of a two week period, the defendant enticed four young children to enter a building so he could commit an unlawful sexual act upon them, and that he exposed his penis to these same four children and as well as to a fifth child. The defendant was almost 19 years old at the time of these offenses. His victims, however, were only between 7 and 8 years of age. (PSR ¶ 46.) Caylor will not be given any criminal history points for his criminal behavior in Kansas if the court follows the Government's suggested Guidelines, which suggest a criminal history category of I. Such a low criminal history category is undersized for this defendant and does not adequately reflect that Caylor has known convictions in Kansas Case No. 93CR0783. The court, therefore, should consider that the defendant's criminal history is underrepresented in the Guidelines and accordingly assess an above Guidelines sentence.

Caylor's lifelong sexual obsession with minors, including prepubescent minors, is one that he is either unable or unwilling to discard. Either of these possibilities is reason for a lengthy sentence. A 360-month sentence is reasonable given the defendant's predatory nature as exhibited in the instant offense against the minor victim in this case, his decade's long sexual desire for young children, and his willingness to prey on prepubescent children as demonstrated in Kansas Case No. 93CR0783. A 360-month sentence is necessary to satisfy the need to keep the community safe in the future, and will specifically deter the defendant from further criminal behavior. Additionally, to the extent that other offenders similarly situated as the defendant pay attention to sentences in the criminal justice system, the imposition of a 360-month sentence for the instant offenses should act as a general deterrent to similar conduct.

## CONCLUSION

Nathan Caylor is a sexual predator who has demonstrated a decades long willingness to prey on young children. The defendant's behavior demonstrates he is a danger to the public. Caylor has earned a sentence of 360 months.

Respectfully submitted,

Thomas M. Larson
Acting United States Attorney

By      */s/ David Luna*

David Luna
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, 5th Floor
Kansas City, Missouri  64106
Telephone: (816) 426-3122

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on May 4, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

_/s/ David Luna_____
David Luna
Assistant United States Attorney